IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBAL PAYCARD CORPORATION, d/b/a KITTRELL PAYCARD, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-767 |
| ONECOM, LLC, | § § | |
| *Defendant*. | § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441 and Local Rule 81.1, Defendant, Onecom, LLC ("Onecom"), hereby files this Notice of Removal and, in support thereof, states as follows:

### I. INTRODUCTION

On February 8, 2021, Plaintiff, Global Paycard Corporation d/b/a Kittrell Paycard ("Plaintiff"), filed this action against Defendant, Onecom, in the 101st Judicial District Court of Dallas County, Texas, alleging conversion. *See* Exhibit A-2, Plaintiff's Original Petition (the "Petition") ¶ 5.

Onecom was served with process by certified mail on March 5, 2021. *See* Exhibit A-1 (State Court Docket).

Onecom timely files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

### II. BASIS FOR REMOVAL

This Court has original jurisdiction over Plaintiff's claims based upon diversity of citizenship. Diversity of citizenship exists where the suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in

controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy.  *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted).  28 U.S.C. § 1332.  A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c)(1).  When determining the citizenship of a limited liability company, courts look to the citizenship of all of its members. *See, e.g., Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

Complete diversity of citizenship exists between the parties in this case.  According to the Petition, Plaintiff is a Texas corporation.  *See* Petition ¶ 2.  Upon information and belief, Plaintiff was incorporated in Texas, and Plaintiff's principal place of business is in Dallas, Texas.  The Petition also correctly indicates that Defendant, Onecom, is a foreign limited liability company.  *See id.* ¶ 2.  As set forth in the Declaration of Mr. Jeffrey Foster, Defendant's CEO (attached as Exhibit B), Onecom is a Delaware LLC, with its offices in Florida. All of Onecom's members are also citizens of Florida.  *See* Exhibit B at ¶ 4.

Plaintiff's Petition fails to state the amount of damages sought by Plaintiff.  Although this failure violates Texas Rule of Civil Procedure 47(c), Plaintiff's claim provides sufficient information for Defendant to state that the amount in controversy is likely above $75,000. All conditions for removal are met.

Although the Petition does not specify the amount in controversy, removal is nonetheless proper under the long-standing rule in this Circuit that a matter may be removed if it is facially apparent that the amount in controversy is above $75,000.  *See Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000) ("If the state court petition does not ask for a sum certain,

the defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount."); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (holding that the defendant may prove claims by demonstrating that the claims are likely above $75,000 or by setting forth facts in controversy that support a finding of the requisite amount); *Allen v. R&H Oil &Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If a defendant meets their burden, removal is proper, unless a plaintiff can show with "legal certainty" that the claims alleged are for less than $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995), quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Considering the broad scope of relief Plaintiff has requested and the allegations Plaintiff has made in the Petition, such is the case here.  Plaintiff asserts claims against Onecom based on the allegation that it did not receive payment for monthly commissions that it was owed from January 1, 2020 through June 10, 2020.  *See* Exhibit A-2 at ¶ 4.  As explained by Mr. Jeffrey Foster, Plaintiff Kittrell's commissions averaged between $30,000 and $50,000 per month.  *See* Exhibit B at ¶ 8. Given the history as related to Kitrell, Kitrell is likely seeking damages in excess of $75,000. *See* Exhibit B at ¶ 9.

In sum, since there exists complete diversity of citizenship of the parties and the amount in controversy likely exceeds $75,000, jurisdiction is proper under 28 U.S.C. §1332.

### III. PROCEDURAL STATEMENTS

Removal to this Court is appropriate under 28 U.S.C. § 1441(a), because this district and division encompass the place in which the state-court action has been pending.

Pursuant to Local Rule 81.1, an index of all documents filed in the state-court action and the date of filing for each is attached as Exhibit A.  Copies of the state court docket sheet and

state-court filings are submitted as Exhibits A-1 through A-8. Pursuant to Local Rules 3.1 and 81.1, a completed Federal Civil Cover Sheet, the removal fee, and a separately signed Certificate of Interested Persons accompany this Notice of Removal. As required by 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the 191st Judicial District, Dallas County, Texas.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that further proceedings in the state court action be discontinued, and that this suit be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**

/s/ *Brian A. Kilpatrick*
Aaron Z. Tobin
Texas Bar No. 24028045
Brian A. Kilpatrick
Texas Bar No. 00784392
Leah K. Lanier
Texas Bar No. 24080068
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214)265-3800
Facsimile: (214) 691-6311
Email: atobin@condontobin.com
         bkilpatrick@condontobin.com
         llanier@condontobin.com

*Attorneys for Onecom, LLC*

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing pleading has been served on counsel for Plaintiff via e-mail.

>David N. Anderson
>The Anderson Law Firm
>4309 Yoakum
>Houston, TX 77006
>danderson@lodna.net

Signed this the 2nd day of April 2021.

                                    */s/ Leah K. Lanier*
                                    Leah K. Lanier