UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLOBAL PAYCARD CORPORATION *doing business as* KITTRELL PAYCARD, <br><br> *Plaintiff,* <br><br> v. <br><br> ONECOM LLC, <br><br> *Defendant.* | § § § § § § § § § § § § §   Civil Action No. 3:21-CV-00767-X |

### MEMORANDUM OPINION AND ORDER

Before the Court is defendant Onecom LLC's (Onecom) motion to dismiss, or alternatively, motion to transfer. [Doc. No. 5]. For the reasons explained below, the Court **DENIES** the motion **WITHOUT PREJUDICE**. Onecom will have twenty-eight days to refile its motion in accordance with this order.

### I.    Factual Background

Global Paycard Corporation (Global) sued Onecom in the 101st judicial district court of Dallas County, Texas, for conversion and money had and received. Onecom timely filed its Notice of Removal. Onecom now seeks dismissal or transfer to the United States District Court for the Southern District of Florida. Onecom moved for dismissal either under Federal Rule of Civil Procedure 12(b)(3) for improper venue or under Rules 12(b)(7) and 19 for failure to join an indispensable party. Alternatively, Onecom moved for transfer under 28 U.S.C. §1406. But in its reply, Onecom

1

withdrew its request for dismissal under Rule 12(b)(3) and its request for transfer under 28 U.S.C. § 1406, conceding that they are improper remedies after removal.[1] Therefore, the only remaining ground for dismissal is under Rules 12(b)(7) and 19.

## II. Legal Standards

Rule 12(b)(7) allows dismissal for "failure to join a party under Rule 19."[2] Rule 19 requires "joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue."[3] Determining whether to dismiss a claim under Rule 19 is a two-step inquiry[4]: "First the district court must determine whether a party should be added under the requirements of Rule 19(a)."[5] Under Rule 19(a) a party "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" is considered a required party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[6]

The movant bears the burden of demonstrating that a missing party is necessary.[7] But after "an initial appraisal of the facts indicates that a possibly necessary party is

---

[1] Doc. No. 17 at 2.

[2] *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (citing FED. R. CIV. P. 12(b)(7)).

[3] *Id.*

[4] *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).

[5] *Id.*

[6] FED. R. CIV. P. 19(a)(1).

[7] *Hood ex rel. Miss.,* 570 F.3d at 628.

2

absent, the burden of disputing this initial appraisal falls on the party who opposes joinder."[8]

Second, "if the necessary party cannot be joined without destroying subject-matter jurisdiction,"[9] "the court must determine under Rule 19(b) whether litigation can be properly pursued without the absent party."[10]  "If the absent party should be joined under Rule 19(a), but the suit cannot proceed without that party under the requirements of Rule 19(b), the case must be dismissed."[11]

### III.  Analysis

Onecom alleges that Cardplatforms, LLC (Cardplatforms) is a necessary party to this litigation because it is a party to a contract underlying the claims in this action. Global's complaint alleges that it entered into a contract with Cardplatforms that required Cardplatforms to pay Global commissions on program management services that Cardplatforms provided.  But Global alleges that it has not received any commissions it is owed for revenues generated in 2020.  According to the complaint, Onecom purchased Cardplatforms in March of 2020, and Onecom now refuses to pay Global the commissions it is owed.  Accordingly, Onecom argues that Cardplatforms is a necessary party to this litigation because to the extent that Global is correct that it is owed money, any obligation would be directly related to the contract between Cardplatforms and Global.  It further argues that Cardplatforms is necessary under

---

[8] *Id.*

[9] *Id.* at 629.

[10] *Rajet Aeroservicios S.A. de C.V. v. Castillo Cervantes*, 801 F. App'x 239, 246 (5th Cir. 2020) (cleaned up).

[11] *Id.* (cleaned up).

Rule 19(a)(1)(B) because (1) to the extent the contract between Global and Cardplatforms provides a defense to the alleged commissions, Cardplatforms should plead them and (2) Cardplatforms's absence from the proceeding could lead to its rights being adversely affected.

Global makes two substantive arguments against joinder in its reply.  First, it contends that the claims in this action are not based on a contractual relationship with Cardplatforms.  Instead, Cardplatforms is "merely referenced in the complaint as background information, to provide context for the claims asserted against Onecom."[12]  Accordingly, Global argues that its claims are not based on the contract but instead sound in tort and equity, alleging that Onecom is intentionally withholding Global's money without any contractual right.  And second, Global argues that even if Cardplatforms were liable for the claims, its liability would be as a joint tortfeasor or co-conspirator, which are not necessary parties.

After its initial appraisal of the facts, the briefing indicates that Cardplatforms may be a necessary party.  Although Global does not bring a breach of contract claim and is instead suing in tort, to resolve Global's claims, the Court may be required to interpret the contract between Global and Cardplatforms because Global's right to the disputed funds appear to arise out of a contract.[13]  Although Onecom only cites

---

[12] Doc. No. 15 at 6.

[13] To prove an action for conversion, the plaintiff must establish that at the time of conversion it was (1) the owner of the property, (2) the legal possessor of the property, or (3) a person entitled to immediate possession of the property.  *Crutcher v. Cont'l Nat. Bank*, 884 S.W.2d 884, 888 (Tex. App.—El Paso 1994, writ denied).  "A plaintiff seeking recovery under a theory of money had and received must prove that the 'defendant holds money which in equity and good conscience belongs to him.'"  *Matter of Okedokun*, 968 F.3d 378, 390 (5th Cir. 2020) (quoting *Staats v. Miller*, 243 S.W.2d 686, 687 (Tex. 1951)).

one case—that Global attempts to distinguish—for the proposition that parties to a contract are necessary parties,[14] other courts in this circuit have recognized that where "interpretation of a contract is necessary, the parties to the contract must be joined."[15]

However, the Court does not have enough information to complete the Rule 19 inquiry. The parties have not briefed whether Cardplatforms "is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction."[16] It therefore cannot decide whether or not joinder is feasible. Although Global asks the Court to deny the motion because Onecom failed to properly brief the issue,[17] the Fifth Circuit precedent is clear that "in diversity cases the question of indispensable parties is inherent in the issue of federal jurisdiction and that indispensable parties

---

[14] *Jaffer v. Standard Chartered Bank,* 301 F.R.D. 256, 261 (N.D. Tex. 2014).

[15] *Optimum Content Prot., LLC v. Microsoft Corp.*, No. 6:13-CV-741 KNM, 2014 WL 12452439, at *3 (E.D. Tex. Aug. 25, 2014), *report and recommendation adopted*, No. 6:13CV741-MHS-KNM, 2014 WL 12324277 (E.D. Tex. Oct. 7, 2014) (citing *Harris Tr. and Sav. Bank v. Energy Assets Int'l Corp.,* 124 F.R.D. 115, 117 (E.D. La. 1989)); *see also LST Fin., Inc. v. Four Oaks Fincorp, Inc*., No. SA-14-CV-435-XR, 2014 WL 3672982, at *3 (W.D. Tex. July 24, 2014) ("In a suit seeking to interpret a disputed contract, a party to the contract is an indispensable party if that party's rights are going to be impacted by the outcome of the suit." (citing *Altava Health Mktg., Ltd. v. Shortgrass, Inc.,* 2005 WL 2277598, at *9 (S.D. Tex. Sept. 15, 2005) ("Federal courts consistently hold that a party to an agreement in dispute is an indispensable party . . . in a suit seeking to rescind, annul, or interpret that agreement") (internal citations omitted))); *see also Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.,* 276 F.3d 1150, 1157 (9th Cir. 2002) (contracting party is necessary to litigation which "threatened to impair [party's] contractual interests, and thus, its fundamental economic relationship with [another contracting party]").

[16] FED. R. CIV. P. 19(a). Onecom's motion states that it "is not contending that joinder of Cardplatforms, LLC would adversely affect the Court's jurisdiction. Defendant merely seeks an Order dismissing the Complaint with leave to add Cardplatforms, should this Court retain jurisdiction of this lawsuit and not transfer venue to the Southern District of Florida as requested herein." Doc. No. 5 at 6. But Onecom provides no other information about Cardplatforms's citizenship and whether joining it would deprive the Court of jurisdiction.

[17] In its initial motion, Onecom wholly failed to apply the facts of the case to the Rule 19 standard. However, in its reply brief, it relies on Rule 19(a)(1)(B)—although it does not cite to a particular subsection. The Court allowed Global to file a surreply.

must be joined, *sua sponte* by the court if need be, even though to do so destroys complete diversity of citizenship of the parties and ousts federal courts of jurisdiction."[18]

Because the Court is unconvinced that Cardplatforms is not an indispensable party, the Court denies the motion without prejudice to allow the parties to submit proper briefing on the issue.

## IV.  Conclusion

The Court **DENIES** the motion **WITHOUT PREJUDICE**. Onecom will have twenty-eight days from the date of this order to file a new motion to dismiss under Rule 12(b)(7). Onecom is limited to making changes to its motion that address the deficiencies outlined in this order.

**IT IS SO ORDERED** this 8th day of March, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[18] *Jett v. Zink*, 362 F.2d 723, 726 (5th Cir. 1966).